1  ALISON J. COLVIN ESQ.                                    Electronically filed
   Nevada Bar No. 8035                                      9-11-2009
2  232 Court St.
   Reno, Nevada 89501
3  Telephone: (775) 322-7200
4
   Attorney for Debtor
5

6                    UNITED STATES BANKRUPTCY COURT
7                      SOUTHERN DISTRICT OF NEVADA
8
                                * * * * * *
9  IN RE:
10     ANDREW KENT BADER                  Case. No. 09-51641-gwz
                                              (Chapter 13)
11                                        **MOTION FOR ORDER**
                                          **VALUING COLLATERAL**
12                                        **(IN SUPPORT OF CONFIRMATION OF**
                                          **DEBTOR'S CHAPTER 13 PLAN)**
13                         Debtor.        Hearing Date: 10/30/2009
14                                        Hearing Time: 1:30 pm
                              /           Time Required: 1 minute
15
           Comes now the debtor, by and through their Attorney, Alison J. Colvin, Esq. and files
16
   this Motion for Order Valuing Collateral –the debtor's residence 2584 Las Plumas Drive in
17
18 Sparks, Nevada. This Motion is brought pursuant to the Points and Authorities, included

19 herein, prior pleading filed with this court and on further oral argument of counsel as may be

20 presented at the time of the hearing.
21

22

23

24

25

26

27

28

                                            1

## POINTS AND AUTHORITIES

I.    FACTS

This case was filed on or about, 2009. The plan was filed on the same date. The case was filed to allow the debtor to reorganize his unsecured debt, and "strip" the second mortgages off the property. A confirmation hearing was held on August 14, 2009 and the plan was confirmed onThe plan was confirmed on

The debtor is the owner of a piece of residential real property located at 2584 Las Plumas Drive in Sparks, Nevada. The debtor valued the property at $256,000. See Schedule "A" filed with the petition attached hereto as Exhibit "D".

Mr. Bader has an appraisal showing the property to be worth $245,000. Attached hereto as Exhibit "A" is an appraisal of this property. The appraisal has a declaration from Richard Lace incorporated herein by reference.

According to its proof of claim, the holder of the first deed of trust is owed approximately $394,740.84. A copy of the first page of the claim 5-1 is attached hereto as Exhibit "B" and incorporated herein by reference. This is $149740.84 more than the value of the property. The second deed of trust is owed $95,725.29. See proof of claim of 4-1 attached hereto as Exhibit "C" and incorporated by reference.

II.    LEGAL ARGUMENT

The bankruptcy code divides claims into secured and unsecured claims. 11 U.S.C. §506 (a). The debtor is requesting the court value their residence. As such, this motion is brought pursuant to 11 U.S.C. 506 (a) and Fed.R.Bankr.P. 3012.

Not every claim that is secured by a lien on property will be considered a "secured claim". SEE <u>In re Zimmer</u>, 313 F.3d 1220, 1223 (9th. Cir. 2002).

As stated above, the property is worth $245,000. The holder of the first deed of trust is owed approximately $394,740.84. Because there is no equity for the second deed of trust to attach, this lien is fully unsecured. Thus, these entities should lose the creditors status should be as an unsecured claim. .

Thus, Mr. Bader requests the following:

1. That this court enter an order valuing the Debtor's Real property at $245,000.

2. That the proof of claim filed by BAC Home Loan Servicing, L.P. fka Countrywide Home Loans Servicing, L.P. for the second deed of trust shall be deemed an allowed general unsecured claim.

RESPECTFULLY SUBMITTED this __11__ day of September, 2009.

|s|  Alison J. Colvin, Esq.
ALISON J. COLVIN, ESQ.
Attorney for Debtor

3